888 F.2d 1392
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Troy DAVIS, Defendant-Appellant.
 No. 89-5367.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1989.
 
 Before NATHANIEL R. JONES and RALPH B. GUY, Jr., Circuit Judges; and ENGEL, Senior Circuit Judge.*
 PER CURIAM.
 
 
 1
 Defendant-appellant, Troy A. Davis, appeals his conviction and sentencing on a five-count indictment related to drug trafficking. For the reasons which follow, we affirm.
 
 I.
 
 2
 Davis spearheaded a group of five or more individuals who unlawfully sold and distributed cocaine. A federal grand jury for the Western District of Kentucky indicted Davis on July 6, 1988, charging him with conspiracy to knowingly and intentionally distribute and possession with intent to distribute cocaine, in violation of 21 U.S.C. Sec. 846. Davis was also indicted on the following counts: aiding and abetting the knowing and illicit possession with intent to distribute and distributing cocaine, in violation of 21 U.S.C. Sec. 841(a)(1); knowingly and illicitly using a juvenile under eighteen years of age for the dissemination and redissemination of cocaine, in violation of 21 U.S.C. Sec. 845; and possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). J.App. at 9-11. A jury returned a guilty verdict on all five charges of the indictment at the conclusion of a two-day trial.
 
 
 3
 In the initial stages of his criminal activity, Davis conspired to distribute cocaine with Keith Pointer, who pled guilty to aiding and abetting Davis in the knowing and intentional possession of cocaine with intent to distribute. J.App. at 87. Over defense counsel's objections at trial, the government elicited from Pointer the fact that he had pled guilty to a charge arising from the same transaction for which Davis was being tried. Id. In cross-examining Keith Pointer, defense counsel alluded to the murder of David Price in order to reveal that Pointer was a suspect in Price's murder. Id. at 94. The defense counsel subsequently objected to the government's use of Price's death as a reference in explaining why it employed certain investigative techniques. Id. at 97-98. The district court overruled defense counsel's objection.
 
 
 4
 Some nine different witnesses testified that they had purchased drugs from Davis or one of his cohorts on various occasions. Despite Davis' request in his motion for a bill of particulars for "names of eye witnesses to the alleged crimes," the government did not reveal and the court did order pretrial revelation of the names of the above witnesses. Id. at 13-25. Four witnesses testified that they saw Davis carrying a sawed-off shotgun while either selling cocaine or collecting money owed from his drug sales. One such witness, Sylvia Miller, revealed on redirect examination that she had taken a polygraph test. Id. at 139. Counsel for defendant immediately moved for a mistrial, but the district court instead gave the following curative instruction:
 
 
 5
 THE COURT: Now, ladies and gentlemen of the jury, this witness referred to a polygraph test. You will disregard that testimony in its entirety. It has no place in this trial.
 
 
 6
 Subsequent to his conviction on all five counts of the indictment, Davis objected to the finding in his presentencing report that he trafficked 441.52 grams of cocaine. This finding placed Davis at a base offense level of twenty-four under the sentencing guidelines. Davis was sentenced to 156 months' incarceration.
 
 II.
 
 7
 Davis' first assignment of error is that the district court failed to order the government to reveal the identities of its witnesses prior to trial. We review a trial court's determinations regarding the pretrial disclosure of the identities of government witnesses pursuant to an abuse of discretion standard. United States v. Sharp, 778 F.2d 1182, 1187 (6th Cir.1985) (per curiam). To support his contention, Davis relies on Raviaro v. United States, 353 U.S. 53 (1957). In Roviaro, the Supreme Court held that the government's "informant's privilege" must recede when the disclosure of the informer's identity is essential to a fair trial. The informant in Roviaro had played a role in bringing about the defendant's possession of drugs and had been in the company of the defendant at the occurrence of the alleged crime. Id. at 55. When confronted with the accused at a police station, the informant denied ever having seen the defendant. Id. at 58. The government refused to reveal the name and address of the informant upon the defendant's motion for a bill of particulars, and the district court did not order it to do so. Id. at 55. Furthermore, the informant was not made available at trial for cross-examination by the defendant. Id. While refusing to establish a per se rule, the Supreme Court held that under the circumstances before it, it was prejudicial error not to require pretrial revelation of the informant's identity in response to the defendant's motion for a bill of particulars. Id. at 65 n. 15.
 
 
 8
 We distinguish Roviaro because the informant in Roviaro did not testify, thereby precluding the defendant from cross-examining the principal witness against him. Davis, on the other hand, had a full opportunity to cross-examine all material government witnesses. He now merely contends that prior disclosure of the government witnesses' identities would have allowed him to more readily attest to his whereabouts on the dates in question and would have enabled him to more effectively challenge the witnesses' credibility. In view of Roviaro, the unfairness of a failure to disclose must be far greater than what Davis alleges. Barring unfairness of sufficient gravity, "a defense counsel is not entitled to know in advance of trial who will testify for the government." United States v. McCullah, 745 F.2d 350, 353 (6th Cir.1984). We therefore affirm the district court.
 
 
 9
 Davis also contends that the trial court erred in refusing to grant that portion of his motion for a bill of particulars in which he requested the specific dates on which his alleged drug transactions occurred. A motion for a bill of particulars is addressed to the discretion of the district court, and we do not disturb the trial court's ruling absent abuse. United States v. Mahar, 801 F.2d 1477, 1503 (6th Cir.1986). Given the on-going nature of Davis' criminal activities and the multiple transactions involved, the request for specific dates was unfeasible. In any case, the indictment does indicate a time frame of "on or about the months of March and April, 1988" as the period of Davis' criminal activities. J.App. at 9-11. Where an indictment sets forth the charges in considerable detail, the trial court does not abuse its discretion by denying a defendant's request for a bill of particulars. Mahar, 801 F.2d at 1503. Because we believe that the indictment in this case was sufficiently particularized to avoid unfairness to Davis in his preparation for trial, we affirm the district court.
 
 
 10
 Davis next contends that the trial court abused its discretion in permitting Keith Pointer to testify that he had pled guilty to a charge arising from the same transactions for which Davis was on trial. A trial court's evidentiary determinations are subject to review only for abuse of discretion. See United States v. Betancourt, 838 F.2d 168, 176 (6th Cir.1988). In United States v. Vandetti, 623 F.2d 1144 (6th Cir.1980), this court held that the fact that a jury has found other persons indicted with a defendant guilty is inadmissible to determine the defendant's guilt. Id. at 1148. Pursuant to Fed.R.Evid. 803(22), we disallowed offering the fact of co-defendant's conviction solely for the purpose of proving that there was a conviction, and we determined that there must be some other evidentiary basis for the admission of a co-defendant's conviction. Id. The government in the case at bar contends that it sought admission of Pointer's guilty plea pursuant to Fed.R.Evid. 609(d) (evidence of a juvenile adjudication of a witness admissible if conviction could be used to attack witness' credibility). It argues that preventing it from revealing Pointer's guilty plea on direct examination would have given the jury that impression that it was attempting to hide Pointer's criminal record. Cf. United States v. Anderson, 532 F.2d 1218, 1230 (9th Cir.1976).
 
 
 11
 At the time of his guilty plea, Pointer was a juvenile. Although evidence of juvenile adjudications is generally inadmissible under Rule 609, a court may admit such evidence if it "is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence." FedR.Evid. 609(d). Because Pointer was allegedly a direct participant in the crimes for which Davis was tried, we believe that the jury's assessment of Pointer's credibility was important to a determination of Davis' guilt or innocence. We therefore conclude that the trial court did not abuse its discretion by permitting the government to preemptively reveal Pointer's criminal past.
 
 
 12
 Davis next assigns error because the trial court failed to declare a mistrial when Sylvia Miller, a government witness, revealed she had taken a polygraph test. It is within the trial court's discretion to declare a mistrial. United States v. Atisha, 804 F.2d 920 (6th Cir.1986). Because the results of polygraph tests are not competent evidence, it may be an abuse of discretion to admit into evidence the fact that a polygraph test was taken at all. See United States v. Fife, 573 F.2d 369, 373 (6th Cir.1976). The record in the case at bar reveals that the testimony regarding Miller's polygraph test was not purposefully elicited by the government and was followed by a forceful curative instruction. Under such circumstances, there is no prejudice to the defendant that would warrant a mistrial. See United States v. Bowers, 739 F.2d 1050, 1054-55 (6th Cir.1984).
 
 
 13
 Davis next contends that the trial court abused its discretion by allowing the government to elicit testimony regarding the death of David Price, the brother of one of the persons alleged to have been involved in Davis' criminal activities. The record reveals that it was Davis' counsel who first alluded to Price's death. Furthermore, Davis does not demonstrate that the government's questioning on this matter was done in such a manner as to make it likely that the jury would infer that he was involved in Price's death. We therefore find that the trial court did not abuse its discretion in permitting the government to ask questions about David Price's death.
 
 
 14
 Davis further contends that the trial court erred in failing to direct a verdict of acquittal as to count five of the indictment on grounds of insufficient evidence to convict beyond a reasonable doubt. Count five charges Davis with possession of a firearm during a drug trafficking offense, in violation of 18 U.S.C. Sec. 924(c). In evaluating the district court's refusal to direct an acquittal on grounds of insufficient evidence, we do not sit as a trier of fact in a de novo trial. United States v. Gallo, 763 F.2d 1504, 1518 (6th Cir.1985). Rather, we view the evidence in a perspective most favorable to the prosecution and let the jury's verdict stand if any rational juror could have found the defendant guilty beyond a reasonable doubt. Id.
 
 
 15
 Section 924(c) mandates conviction if the defendant used or carried a firearm during and in relation to a drug trafficking offense. Davis argues that Edwin Powers and Doletta Kimberly merely saw him carry a firearm in the course of collecting debts resulting from drug transactions. The witnesses did not, Davis argues, see him carry a gun while distributing cocaine. However, Sylvia Miller testified that Davis had both a sawed-off shotgun and a .45 automatic in his apartment on occasions when she purchased drugs from him. J.App. at 131-32. Viewing the evidence in a light most favorable to the prosecution, we conclude that a rational juror could find Davis guilty beyond a reasonable doubt as to count five of the indictment. Gallo, 763 F.2d at 1518.
 
 
 16
 Finally, Davis challenges the district court's finding at his presentencing hearing that he trafficked 441.52 grams of cocaine. We examine a district court's factual findings as to a defendant's sentencing pursuant to the "clearly erroneous" standard. United States v. Perez, 871 F.2d 45 (6th Cir.1989). A finding is clearly erroneous when, despite the existence of evidence to support it, the reviewing court on the entire record is left with a firm belief that error has been committed. Id. The trial court determined that Davis had trafficked 441.52 grams of cocaine based on the testimony of government witnesses that described the amount and frequency of their purchases of cocaine from Davis. The probation officer used the "lowest estimated amount of drugs" that each witness testified to buying. J.App. at 56. Thus, Davis received the benefit of any doubt that may have existed. Viewing the evidence in light of the clearly erroneous standard, we find that the trial court's calculations have a substantial basis in the record. We therefore affirm its findings as to the amount of cocaine trafficked.
 
 III.
 
 17
 For the foregoing reasons, Davis' conviction and sentence are AFFIRMED.
 
 
 
 *
 Honorable Albert J. Engel took senior status on October 1, 1989